Matthew D. Francis
Nevada Bar No.: 6978
Arthur A. Zorio
Nevada Bar No.: 6547
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Telephone: 775.324.4100
Facsimile: 775.333.8171
Email: mfrancis@bhfs.com
azorio@bhfs.com

*Attorneys for Defendants Matthew Williams; Jam On It Basketball Academy, Inc.; and Jam On It, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC.,

Plaintiff,

v.

MATTHEW WILLIAMS; JAM ON IT BASKETBALL ACADEMY, INC.; JAM ON IT, LLC; JAM ON IT SPORTSPLEX, LLC; MICHAEL WILLIAMS; ENNIS WESLEY; TATIANA WESLEY; BRENNAN SULLIVAN; SPORTSPLEX LAS VEGAS, LLC; JOHN DOES 1-10 AND DOE CORPS. 1-10,

Defendants.

CASE NO.: 2:23-cv-00864-ART-BNW

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1. All documents, materials, items, and/or information which are designated as confidential under the terms of this Protective Order, and contain or comprise confidential and sensitive proprietary information produced either by a party or by a non-party shall be governed by this Protective Order.

2. Any information produced by any party or non-party as part of discovery in this



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
5520 Kietzke Lane, Suite 110
Reno, NV 89511

action may be designated by any party or the producing non-party as (1) "Confidential" or (2) "Confidential-Attorneys' Eyes Only." As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the litigation and no other purpose, but which must be protected against disclosure to third parties. As a general guideline, materials designated "Confidential-Attorney's Eyes Only" shall be those confidential and sensitive things of a financial, commercial, proprietary or technical nature which might be of value to others, and which must be protected from disclosure to such party and/or third parties. Names and identities of children, along with contact information, may be designated Confidential to protect the privacy interests of minors. Absent a specific order by this Court, or written permission from the designating party, information once designated as "Confidential" or "Confidential-Attorney's Eyes Only" shall be used by parties solely in connection with this litigation, and not for any other purpose, including, but not limited to, business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

3. Any party or non-party wishing to come within the provisions of this Protective Order shall designate, in writing, the documents, information, or portions thereof which he, she or it considers confidential at the time such documents are produced or such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected hereunder. In the instance of documents, the items produced must be marked "Confidential" or "Confidential-Attorneys' Eyes Only" by the producing party or non-party. In the instance of depositions, counsel may, in the record of the deposition, designate the transcript or portion thereof as "Confidential" or "Confidential-Attorneys' Eyes Only," and only the parties identified in paragraphs 4 and 5 may then be present in the depositions. The witness under deposition or his counsel may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed "Confidential" or "Confidential-Attorneys' Eyes Only." The designations should be made on the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
5520 Kietzke Lane, Suite 110
Reno, NV 89511

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
5520 Kietzke Lane, Suite 110
Reno, NV 89511

record whenever possible, but a party may designate portions of a deposition either "Confidential" or "Confidential-Attorney's Eyes Only" provided written notice of such designation is given to each party no later than (10) ten days following receipt of the deposition transcript by the designating party.

4. Documents, deposition testimony, or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to the Court (including, but not limited to, the presiding judge, clerks, and court staff), to the parties, the parties' attorneys (and their staff who are working on the matter), and to anyone employed by the parties as consultants in this case who have executed Attachment A hereto. No use of such documents may be made other than in connection with this litigation.

5. Documents, deposition testimony, or answers to interrogatories stamped "Confidential-Attorneys' Eyes Only" or copies or extracts therefrom, and summaries and compilations thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to (a) the Court (including, but not limited to, the presiding judge, clerks, and court staff) as provided in Paragraphs 9 and 13; (b) the counsel designated on the pleadings (and other attorneys who may be working on the case) from the law firms of Wilson, Elser, Moskowitz, Edelman & Dicker LLP and their full time staff to whom it is necessary that the materials be shown for the purposes of this litigation who are have also consented to be subject to this Protective Order ; and Brownstein Hyatt Farber Schreck, LLP and their full time staff to whom it is necessary that the materials be shown for the purposes of this litigation who are have also consented to be subject to this Protective Order; (c) Mr. John Springgate of Silverman Kattelman Springgate, Chtd. and its full time staff to whom it is necessary that the materials be shown for the purposes of this litigation who are have also consented to be subject to this Protective Order; and (d) consultants as defined in Paragraph 6 hereof and pursuant to the provisions on Paragraph 7 hereof and their full time staff to whom it is necessary that the materials be shown for the purposes of this litigation who have also consented to be subject to this

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
5520 Kietzke Lane, Suite 110
Reno, NV 89511

Protective Order. No use of such documents may be made other than in connection with this litigation.

6. For purposes of Paragraph 5(c) hereof, a consultant shall be defined as a person who is not an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part-time, by or at the direction of counsel for a party.

7. The procedure for having a consultant approved for access to information designated by the adverse party as "Confidential-Attorneys' Eyes Only" shall be as follows:

(a) The party seeking to have a consultant, as defined in Paragraph 6 hereof, approved shall provide the producing party with:

i) the name of the designated person;

ii) the present employer and title of said designated person;

iii) a resume or curriculum vitae of said designated person;

iv) a written acknowledgment, in the form of Attachment A hereto, signed by the designated person for whom approval is sought, that the person has read this Protective Order and agrees to be bound by its terms.

(b) Within five (5) calendar days after emailing the information (if to counsel for Plaintiff AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC. to all of the following: Michael Lowry at Michael.Lowry@wilsonelser.com; if to counsel for MATTHEW WILLIAMS; JAM ON IT BASKETBALL ACADEMY, INC., JAM ON IT, LLC, JAM ON IT SPORTSPLEX, LLC, to all of the following: azorio@bhfs.com, mfrancis@bhfs.com, and jtillison@bhfs.com; if to counsel for ENNIS WESLEY, TATIANA WESLEY, and SPORTSPLEX LAS VEGAS, LLC, to all of the following: mmee@defenselawyervegas.com; if to counsel for MICHAEL WILLIAMS and BRENNAN SULLIVAN, to all of the following: judgestefany@benslaw.com; the information and written acknowledgment described in subparagraph (a), along with a notice quoting this Section 7 in the body of the email, the producing party may object to

the person proposed for approval if the producing party has genuine reason to believe that there is a reasonable possibility that the designated person may use information designated "Confidential-Attorneys' Eyes Only" for purposes other than the preparation or trial of this case or that the person proposed is in a competitive position or works for a competitor of the producing party such that they cannot avoid possible use of the protected information. Objections must be based upon a legitimate good faith belief and shall not be made for purposes of delaying approval of said designated person. If an objection is found not to be made in good faith by the court, then the party designating the expert may seek an award of reasonable attorneys' fees and costs. Failure to object within five (5) calendar days to a person proposed shall be deemed approval, but shall not preclude a producing party from objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel.

(c) If the producing party so objects, the producing and requesting party shall, within five (5) calendar days from the date of emailing a notice of objection in the same manner and to the adverse email addresses listed in Section (7)(b) above, demand that the other party confer and attempt to resolve the dispute. At the conference, which must take place as soon as possible after the demand therefore is served, the producing party shall inform the requesting party of its reasons for objecting to the designated person. If the parties cannot resolve the dispute, or if the conference does not take place, then the producing party may move the Court for an order that access to information designated "Confidential-Attorneys' Eyes Only" be denied to the designated person. The time periods are not to restrict either party from moving for a court order earlier if the circumstances so require.

(d) The parties agree that the information identified above in subparagraph 7(a) in most cases constitutes sufficient information from which to approve said designated person, but a party may seek production of additional information if reasonably necessary to determine whether to approve the designated person.



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
5520 Kietzke Lane, Suite 110
Reno, NV 89511

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
5520 Kietzke Lane, Suite 110
Reno, NV 89511

8. All "Confidential" and "Confidential – Attorneys' Eyes Only" information covered by this order shall be kept in secure facilities at counsel's offices and in no event shall any "Confidential – Attorneys' Eyes Only" materials be taken to or stored on the premises of a party without having first received written permission from the party designating the document Confidential – Attorneys' Eyes Only, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 4, 5, and 6 of this Protective Order as persons properly having access thereto under the appropriately designated degree of confidentiality. The foregoing sentence does not restrict counsel from sending emails containing "Confidential" information to their clients named in the above-entitled action or those designated persons set forth in Paragraphs 4, 5, and 6 of this Protective Order. "Confidential" materials taken to the premises of a party shall remain under the control of counsel and shall not be left at a Party's office. All counsel for the parties who have access to "Confidential" or "Confidential – Attorneys' Eyes Only" information and documentation under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court solely for purposes of enforcing this Order.

9. No party or non-party may file any document containing any information or exhibits designated by another party or non-party as "Confidential" or "Confidential - Attorneys' Eyes Only" within the scope of this Order unless the filing party also files the same under seal and files a motion for leave to file under seal pursuant to Local Rule IA 10-5. No party or non-party may file any document containing any information or exhibits designated by the filing party as "Confidential" or "Confidential -- Attorneys' Eyes Only" within the scope of this Order unless the party concurrently or in advance of the filing seeks leave of Court pursuant to Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party designating a document/information as "Confidential" or "Confidential -- Attorneys' Eyes Only" within the scope of this Order bears the burden of overcoming the presumption in favor of public access to papers filed in court.

10. If any document or information designated to be "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

11. A party should designate as "Confidential" or "Confidential-Attorneys' Eyes Only" only such information or documents as the party reasonably and in good faith believes require and justify protection under this Protective Order. If, at any time during the pendency or trial of this action, counsel for any party claims that counsel for any other party is unreasonably claiming certain information produced herein to be confidential, objecting counsel may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Before filing any such application, the party seeking relief shall confer with the other party to determine whether the matter can be resolved by agreement. The prevailing party in such a dispute may seek reasonable attorneys' fees and costs pursuant to Federal Rules of Civil Procedure 37(a)(5).

12. The pretrial order submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order unless the confidentiality of such information has been removed by agreement of counsel or by this Court in accordance with the provisions of Paragraph 11 of this Protective Order.

13. At any hearing relating to this litigation prior to trial before any judicial officer, subject to the rules of evidence and order of the Court, a party may use any "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
5520 Kietzke Lane, Suite 110
Reno, NV 89511

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
5520 Kietzke Lane, Suite 110
Reno, NV 89511

Court that the courtroom be cleared and that the court employees be advised as to the terms of this Protective Order. If any party reasonably anticipates that “Confidential” or “Confidential-Attorneys’ Eyes Only” information or documents will be presented in any hearing in this litigation, it may request that the Court close the courtroom during such presentation. If the Court denies any such request, the use of the “Confidential” or “Confidential-Attorneys’ Eyes Only” information or documents in Court shall not affect its coverage by this Protective Order or constitute a waiver of confidentiality with respect thereto.

14. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

15. Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court’s electronic filing procedures in accordance with Local Rule 10-5(b). Motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). *See also*, *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Notwithstanding the foregoing, a party seeking a designation of “Confidential” or “Confidential-Attorneys Eyes Only” retains the obligation to defend such designation whether the designating party is the party seeking to file a document with the court or is not the party seeking to file the document with the court.

16. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. Should these documents be desired to be used at trial, the Parties will discuss the protocol with the Court to protect the nature of the documents to fullest extent allowed under the law.

17. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

18. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

19. This Protective Order shall be effective on the date entered by the Court.

20. All provisions of this Protective Order restricting the communication or use of "Confidential" and "Confidential – Attorneys' Eyes Only" information and documentation shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of "Confidential" and/or "Confidential – Attorneys' Eyes Only" information and documentation other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or nonparty who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed. Retention of documents by a law firm in accord with its document retention policies, if they exceed the time periods stated above, do not violate the terms

///

///

///

///

///

///

///

///

///

///

///

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
5520 Kietzke Lane, Suite 110
Reno, NV 89511

of this Order. Although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court unless otherwise agreed and ordered.

**IT IS SO STIPULATED**:

Dated this 9th day of November, 2023.

WILSON ELSER

By: /s/ Michael P. Lowry
Michael P. Lowry
6689 Las Vegas Blvd., South
Suite 200
Las Vegas, Nevada 89119
Attorneys for Amateur Athletic Union of the United States

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Matthew D. Francis
Matthew D. Francis
Arthur A. Zorio
5520 Kietzke Lane, Suite 110
Reno, Nevada 89511
Attorneys for Matthew Williams
Jam On It Basket Ball Academy, Inc., Jam On It, LLC, and Jam On It Sportsplex, LLC

BEN'S LAW

By: /s/ Stephany Tewell
Stephany "Miley" Tewell
Ben Lehavi
5940 South Rainbow Blvd.
Las Vegas, Nevada 89118
Attorneys for Michael Williams
Brennan Sullivan

Michael Mee

By: /s/ Michael Mee
Michael Mee
400 South 4th Street, Suite 500
Las Vegas, Nevada 89104
Attorneys for Ennis Wesley, Tatiana Wesley
Sportsplex Las Vegas, LLC

**IT IS SO ORDERED**:

[signature]
UNITED STATES MAGISTRATE JUDGE

DATED: November 13, 2023



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
5520 Kietzke Lane, Suite 110
Reno, NV 89511

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
5520 Kietzke Lane, Suite 110
Reno, NV 89511

ATTACHMENT A

NONDISCLOSURE AGREEMENT

I, , do solemnly swear that I am fully familiar with the terms of the Protective Order entered in Amateur Athletic Union of the United States, Inc. v. Matthew Williams et al., United States District Court for the District of Nevada, 2:23-cv-00864-ART-BNW and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this order.

Dated: Signed:______________________________

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and on this 9th day of November, 2023, I served the document entitled **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the parties listed below via the following:

☒ **VIA ELECTRONIC SERVICE:** by electronically filing the document with the Clerk of the Court using the ECF No./eFlex system which served the following parties electronically:

Michael P. Lowry, Esq.
WILSON ELSER
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, Nevada 89119
Email: Michael.Lowry@wilsonelser.com

Michael Mee, Esq.
400 South 4th Street, Suite 500
Las Vegas, Nevada 89104
Email: mmee@defenselawyervegas.com

Ben Lehavi
Stefany A. Tewell
Ben's Law
5940 S. Rainbow Blvd.
Las Vegas, NV 89118
Email: info@benslaw.com

*/s/ Jeff Tillison*
Employee of Brownstein Hyatt Farber Schreck, LLP